UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ARTHUR PAIKOWSKY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:08CV783 TIA |
| ) | |
| DAVIDSON HOTEL COMPANY LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Davidson Hotel Company's Motion for Summary Judgment. (Docket No. 28). Plaintiff filed a Memorandum in Opposition (Docket No. 39), and Defendants filed a Reply (Docket No. 43) thereto. All matters are pending before the undersigned United States Magistrate Judge, with the consent of the parties, pursuant to 28 U.S.C. § 636(c).

Plaintiff Arthur Paikowsky filed the instant action against Defendant Davidson Hotel Company LLC alleging that on January 9, 2008, he slipped and fell on black ice in the parking lot of the Renaissance Hotel and suffered injuries to his neck, left shoulder and wrist as a result of the fall. (Plaintiff's Complaint, Docket No. 1 at ¶¶ 5-6,8). Plaintiff seeks monetary damages, including lost wages and medical expenses, caused by Defendant's carelessness and negligence in failing to maintain the parking lot free of ice and to warn of a dangerous condition (Id. at ¶¶ 7, 10-11).

Defendant has filed a motion for summary judgment claiming that there are no genuine issues of material fact and that Defendant is entitled to judgment as a matter of law. Plaintiff has responded to Defendant's motion to which Defendant has replied.

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary

judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of the motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. The non-moving party may not rest upon her pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Celotex, 477 U.S. at 324.

In passing on a motion for summary judgment, the Court must review the facts in a light most favorable to the party opposing the motion, and give that party the benefit of any inference that logically can be drawn from those facts. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir. 1983). The Court is required to resolve all conflicts of evidence in favor of the nonmoving party. Robert Johnson Grain Co. v. Chem. Interchange Co., 541 F.2d 207, 210 (8th Cir. 1976). At the summary judgment stage, the undersigned will not weigh the evidence and decide the truth of the matter, but rather the undersigned need only determine if there is a genuine issue of material fact for trial. Anderson, 477 U.S. at 249. Summary judgment is not appropriate unless all the evidence points one way and is susceptible to no reasonable inferences sustaining the position of the nonmoving party." Hindman v. Transkrit Corp., 145 F.3d 986, 990 (8th Cir. 1998) (citations omitted); Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000). Material facts are those "that might affect the outcome of the suit under the governing law," and a genuine material fact is one "such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 at 248. Further, if

the nonmoving party has failed to "make a showing sufficient to establish the existence of an element essential to that party's case, ... there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322-23. Nonetheless, it is clear to survive summary judgment, a plaintiff must support his/her allegations with sufficient probative evidence to permit a finding in the plaintiff's favor based upon more than mere speculation, conjecture, or fantasy. Putnam v. Unity Health Sys., Inc. 348 F.3d 732, 733-34 (8th Cir. 2003). "'Only disputes over the facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" Bass v. SBC Commc'ns, Inc., 418 F.3d 870, 872-73 (8th Cir. 2005) (quoting Anderson, 477 U.S. at 248).

The initial burden is on the moving party to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. See Van Horn v. Best Buy Stores, L.P., 526 F.3d 1144, 1146 (8th Cir. 2008) ("the defendants met their initial burden of notifying the ... court of the basis for their summary judgment motion and identifying the documents that they believed demonstrated the absence of a material fact."). After the moving party discharges this burden, the non-moving party must do more than show that there is some doubt as to the facts. See Matsushita, 475 U.S. at 586. Instead, the non-moving party bears the burden of setting forth specific facts by affidavit or otherwise showing that there is a genuine issue for trial. Anderson, 477 U.S. at 249. All disputed facts are to be resolved, and all inferences are to be drawn, in favor of the non-moving party. See Ghane v. West, 148 F.3d 979, 981 (8th Cir. 1998). "[I]n order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Webb v. Lawrence

County, 144 F.3d 1131, 1135 (8th Cir. 1998); Larson v. Kempker, 414 F.3d 936, 939 (8th Cir. 2005) (nonmoving party must show existence of facts on record creating genuine issue). See also Stanback v. Best Diversified Prods., Inc., 180 F.3d 903, 909 (8th Cir. 1999) (finding general statements in affidavits and depositions are insufficient to defeat a properly supported summary judgment motion).

The Court may not "weigh the evidence in the summary judgment record, decide credibility questions, or determine the truth of any factual issue." Kampouris v. St. Louis Symphony Soc., 210 F.3d 845, 847 (8th Cir. 2000). Instead, the Court "perform[s] only a gatekeeper function of determining whether there is evidence in the summary judgment record generating a genuine issue of material fact for trial on each essential element of a claim." Id. With these principles in mind, the Court turns to an examination of the facts.[1]

Before addressing the merits of the summary judgment motion, the Court must first address the matter of Plaintiff's deposition testimony. Defendant seeks to strike Paragraphs 11, 12, and 15 of Plaintiff's Statement of Uncontroverted Material Facts arguing that the paragraphs contain inadmissible hearsay statements and thus cannot be considered by the Court when determining Defendant's Motion for Summary Judgment. Defendant specifically argues that Plaintiff has not submitted any admissible evidence in support of these allegations. The undersigned agrees inasmuch as the deposition testimony cited in support of the paragraphs is not based on personal knowledge but on hearsay statements of others. Hearsay is any "statement, other than one made by the declarant while testifying at trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). In evaluating the merits of a summary judgment motion, and opposition thereto, a

---

[1] The undersigned is finding these facts for purposes of this motion only, and this Memorandum and Order cannot be used for any purpose at trial and does not relieve any party from proving all facts necessary to sustain any claims and/or defenses at trial.

court can "consider only admissible evidence and [must] disregard portions of various affidavits and depositions that were made without personal knowledge, consist of hearsay, or purport to state legal conclusions of fact." Howard v. Columbia Pub. Sch . Dist., 363 F.3d 797, 801 (8th Cir. 2004); Brooks v. Tri-Sys., Inc., 425 F.3d 1109, 1111 (8th Cir. 2005) (inadmissible evidence "may not be used to support or defeat a motion for summary judgment."). In his deposition, Plaintiff testified that a woman in the parking lot heard him fall and reported to Mr. Hagewood how someone was screaming in the parking lot. Further, Plaintiff testified that the EMS personnel in the ambulance asked if he had slipped on the icy parking lot. Plaintiff has not provided affidavits or testimony from any of these unnamed declarants. This testimony is inadmissible hearsay if offered in this form at trial and thus may not be used to avoid summary judgment. See Anda v. Wickes Furniture Co., Inc., 517 F.3d 526, 534 (8th Cir. 2008); Herr v. Airborne Freight Corp., 130 F.3d 359, 361 n.4 (8th Cir. 1997).

Likewise, Defendant argues that paragraphs one through ten, thirteen, fourteen, and twenty-two through twenty six do not set forth material facts inasmuch as the facts contained therein will affect the outcome of the pending action under Missouri premise liability laws. "Material facts are those that might affect the outcome of the suit under the governing law." Nichols v. ABB DE, Inc., 324 F.Supp. 2d 1036, 1041 (E.D.Mo. 2004) (citing Anderson, 477 U.S. at 248). An issue of material fact is material if it has a real basis in the record; and, a genuine issue of fact is material if it "might affect the outcome of the suit under the governing law." Hartnagel v. Norman, 953 F.2d 394, 395 (8th Cir. 1992) (quotation marks omitted) (quoting Anderson, 477 U.S. at 248). The undersigned agrees finding that the sole issue before this Court is whether Defendant assumed any duty to warn or remove the naturally accumulated black ice Plaintiff alleges to have formed in the parking lot on the morning of January 9, 2008.

**The Undisputed Evidence before the Court on the Motion**

Viewing all facts and drawing all reasonable inferences in the light most favorable of the nonmoving party, plaintiff, A. Brod, Inc. v. SK & I Co., L.L.C., 998 F. Supp. 314, 320 (S.D.N.Y. 1998), the Court sets forth the following facts as established by the depositions, affidavits, and the records submitted by the parties:

Plaintiff Arthur Paikowsky filed the instant action against Defendant Davidson Hotel Company LLC alleging that on January 9, 2008, he slipped and fell on black ice in the parking lot of the Renaissance Hotel between 8:00 and 8:15 a.m. and suffered injuries to his neck, left shoulder and wrist as a result of the fall. (Plaintiff's Complaint, Docket No. 1 at ¶¶ 5-6,8).

On January 8, 2008, the day before Plaintiff's fall, the high temperature was sixty-six degrees Fahrenheit (66°F), and the low temperature was thirty-seven degrees Fahrenheit (37°F). (See Deft.'s Exh. E, National Oceanic & Atmospheric Administration Controlled Local Climatological Data). On January 9, 2008, the high temperature was forty-five degrees Fahrenheit (45°F), and the low temperature was thirty-two degrees Fahrenheit (32°F). (Id.). The weather records show that the ambient air temperature did not drop to the freezing mark until 5:51 a.m. on January 9, 2008, and remained at freezing until 7:51 a.m. at which time the recorded temperature was thirty-three degrees Fahrenheit (33°F). (Id.).

On January 6, 2008, Plaintiff traveled to St. Louis for business and stayed at the Renaissance Hotel as a guest. (Pltf.'s Exh. A, Pltf.'s Depo. at 46). While walking to his car in the morning of January 9, 2008, Plaintiff allegedly stepped on a patch of black ice and fell down injuring his left shoulder. (Id. at 62, 64). Michael Hagewood, the former front office hotel manager at the Renaissance Hotel St. Louis Airport, was working at the front desk checking out guests when a

female guest apprised him of a man in the parking lot screaming. (Pltf.'s Exh. C, Hagewood Depo. at 19, 30-31 Deft.'s Exh. A, Hagewood Aff. at ¶¶ 2-3). Mr. Hagewood ran outside to the parking lot and could hear Plaintiff wailing. (Pltf.'s Exh. C, Hagewood Depo. at 44, 68). As he approached Plaintiff, Mr. Hagewood saw him sitting down on the pavement, holding his arm. (Id. at 57-58). Plaintiff indicated that he had slipped and fallen and requested medical attention. (Id. at 58, 60). Mr. Hagewood observed wet pavement and wet spots in the immediate area and surrounding pavement but no ice at the site of Plaintiff's fall. (Id. at 61;Deft.'s Exh. A, Hagewood Aff. at ¶¶ 3-4). Mr. Hagewood completed an incident report using information he obtained from the Berkley police. (Pltf.'s Exh. C, Hagewood's Depo at 62-63). As a result of the fall, Plaintiff claimed he received multiple fractures of his shoulder. (Pltf.'s Exh. A, Pltf.'s Depo. at 68).

Mr. Hagewood explained that in the event hotel employees received notice of an icy condition on the parking lot, the Engineering Department would take affirmative steps to salt the parking lot or attempt to remove any natural accumulation or formation of snow or ice. (Deft.'s Exh. A, Hagewood Aff. at ¶ 5). Mr. Hagewood opined that the hotel did not have any notice or knowledge of any icy condition existing on the hotel parking lot prior to Plaintiff's fall on January 9, 2008. (Id. at ¶ 6).

### **Discussion**

To prove a negligence claims, Plaintiff has to establish the existence of a duty, a breach of that duty, and damages caused by that breach. Hoffman v. Union Elec. Co., 176 S.W.3d 706, 708 (Mo. banc 2005)(internal citations omitted). The existence of a duty is purely a question of law. Id. Thus, Defendant's liability is premised on whether Defendant owed a duty to Plaintiff.

Under Missouri law, there is no duty to remove snow or ice that accumulates naturally and

is a condition general to the community.  Willis v. Springfield Gen. Osteopathic Hosp., 804 S.W.2d 416, 419 (Mo. Ct. App. 1991).  This rule applies to landlords, municipal corporations, invitors, and employers.  Id.  "To hold that a duty exists to make a parking lot safe as precipitation falls from the sky would be to create a duty which would be virtually impossible to perform."  Milford v. The May Dep't Stores, 761 S.W.2d 231, 232-33 (Mo. Ct. App. 1988) (quoting Restatement (Second) of Torts § 4, comment a (1965) (department store owner not liable for injuries suffered by a customer when he slipped on ice that had accumulated on the parking lot shortly before the customer fell).  The existence of a snow removal policy alone does not create a duty.  Gorman Wal-Mart Stores, Inc., 19 S.W.3d 725, 732 (Mo. Ct. App. 2000).  Nonetheless, an owner or possessor of land may be held liable if he obligates himself either by agreement or course of conduct over a period of time to remove the snow and ice, thereby assuming a duty.  Willis, 804 S.W.2d at 419.

Generally in snow and ice cases, a duty has been found where the conditions on an invitor's premises have been altered.  Gorman, 19 S.W.3d at 732 (evidence that the condition of the sidewalk where the plaintiff fell had been altered by applying salt prior to the time he fell provided a basis for finding that Wal-Mart had assumed a duty to plaintiff); Alexander v. Am. Lodging, Inc., 786 S.W.2d 599, 601 (Mo. Ct. App. 1990) (apartment complex assumed duty to plaintiff by clearing snow and ice and applying salt to parking lot that had naturally accumulated snow and ice general to the area).  In the instant case, the record shows that the parking lot where Plaintiff fell had not been altered or treated in any manner.  Further, the record is devoid of any evidence showing that Defendant either knew of the alleged dangerous condition or had assumed a duty or taken any affirmative steps to remedy the same.  Thus, it is clear that Defendant had not assumed a duty toward Plaintiff by beginning to remove the "black ice" from its parking lot.  Defendant did nothing to alter the condition

of the parking lot where Plaintiff fell. "Whether a duty exists is a question of law for the court to decide." Weaks v. Rupp, 966 S.W.2d 387, 392 (Mo. Ct. App. 1998).

Unlike in Willis where the duty arose when the hospital cleared the parking lot between the time of the natural accumulation of snow and ice and the time the visitor fell, Defendant did nothing to alter the condition of the parking lot where Plaintiff fell. Contra Alexander v. American Lodging, Inc., 786 S.W.2d 599 (Mo. Ct. App. 1990) (an apartment landlord assumed a duty when he altered the natural condition of the parking lot after the snow and ice had fallen, but before the tenant fell). On the record before the Court, Plaintiff has not submitted any evidence showing any action had been taken by Defendant to remove the natural accumulations of ice on the morning of Plaintiff's fall. Thus, Plaintiff failed to present sufficient evidence to establish that Defendant knew, or by using ordinary care should have known, about the black ice in the parking lot, Defendant is entitled to judgment as a matter of law.

There is sufficient evidence for the Court to determine on the instant record as a matter of law that Defendant had not assumed a duty to remove the "black ice" from the parking lot. The evidence that the condition of the parking lot where Plaintiff fell had not been altered prior to the time he fell provides a basis for finding that Defendant had not assumed a duty to Plaintiff. Likewise, Plaintiff has failed to establish that Defendant had any actual knowledge of the natural accumulation of black ice on the morning in question.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (Docket No. 28) is GRANTED.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

                                              /s/Terry I. Adelman
                                  UNITED STATES MAGISTRATE JUDGE

Dated this  25th  day of June, 2010.